IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-967-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRAVIS JERMAINE WRIGHT | ) | |
| | ) | |
| _____ | ) | |

The defendant has written the court asking for clarification of his sentence with regard to this court's order that his state sentence run concurrent to his federal sentence. He contends that it is illegal for the court to run his sentence in such a manner.

Because the defendant is seeking relief with respect to the calculation of credits to his federal sentence, the Clerk is requested to forward a blank 28 U.S.C. § 2241 form petition so that he may more adequately set forth his claims. The defendant is specifically advised that proceedings under § 2241 require exhaustion of administrative remedies. *United States v. Wilson*, 503 U.S. 329, 334-37 (1992); *Brown v. Smith*, 828 F.2d 1493 (10th Cir. 1987). In other words, the defendant must first present his grievance to prison authorities and obtain a final decision thereon before the court can consider his petition.

Accordingly, in completing the § 2241 petition, the defendant must give full information regarding how and when he has exhausted his claims administratively. Otherwise, the court may dismiss the action for failure to properly demonstrate exhaustion.

1

The defendant is also advised that any future filings he makes with the court must be filed with the Clerk of Court, not mailed directly to chambers. Copies of his filings must also be served on the United States Attorney as set forth in the Federal Rules of Civil and Criminal Procedure.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

March 25, 2013
Columbia, South Carolina